IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MILORAD OLIC,                                                     No. 2:15-cv-0694-JAM-CMK-P

        Petitioner,

  vs.                                                                          ORDER

JOSE A. LIZARRAGA ,

        Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss (Doc. 20).  Petitioner filed an opposition (Doc. 21); respondent filed a reply (Doc. 23).

        **I.**      **BACKGROUND**

        Petitioner is challenging two prison disciplinary proceedings from 2014.  Petitioner states that he was assigned to a kitchen job while he was on suicide watch in administrative segregation and unable to work.  He claims he was then issued three false CDC 115 Rules Violation Report (RVR) for refusing to work.  (See Petition, Doc. 1, at 9).  He was found guilty of each, and assessed a total loss of 60 days behavioral credits.

///

## II.     MOTION TO DISMISS

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.  The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n.12.  The petitioner bears the burden of showing that he has exhausted state remedies.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

Respondent brings this motion to dismiss petitioner's habeas corpus petition on the grounds that petitioner fails to state a federal claim for habeas relief.  Respondent argues petitioner's challenge to the disciplinary violations does not implicate the fact or duration of his confinement.  Respondent provides the following background, which petitioner does not contest. Petitioner is currently serving an indeterminate life sentence.  He was originally sentenced to life with the possibility of parole, plus a six year determinate term for enhancements.  Petitioner had to serve the determinate six years prior to the indeterminate term starting.  The determinate sentence, for which petitioner could earn good-time credits, began in 2010 and was completed February 23, 2016.  At that time, petitioner's indeterminate sentence began, for which he is required to serve a minimum of seven years before he reaches his minimum eligible parole date (MEPD).  After his MEPD passes, petitioner is then eligible to be considered for parole.

1  Petitioner's MEPD is February 23, 2023[1], and he is not able to earn custody credits to advance
2  that date.

3        Respondent argues that restoring the custody credit plaintiff lost during the prison
4  disciplinary proceedings would not alter his MEPD nor shorten his term of incarceration.  First,
5  while petitioner is serving an indeterminate life term, he is not eligible to earn custody credits. In
6  addition, as to the custody credits earned while petitioner was serving his determinate sentence,
7  petitioner has lost more custody credits due to other prison disciplinary proceedings than the 60
8  days he is attempting to restore in this case.  Respondent notes petitioner has 991 days of pending
9  lost credit, which would only be reduced to 931 days if the 60 days were restored.  Finally, even
10  if his custody credits were restored, it would not directly impact the duration of his sentence
11  because his release is subject to determination by the Board of Parole Hearings.

12        Petitioner opposes the motion, arguing that his parole is an absolute certainty as
13  he has an active immigration hold and the parole board is only to decide release based on public
14  safety factor in the United States, and has no jurisdiction nor can they set parole terms to foreign
15  countries.  He argues based on his imminent release, custody credits do count in his situation.  He
16  further contends that while his is only seeking the restoration of 60 days of credit in this action,
17  he is challenging a total of 1171 days of lost credits in multiple lawsuits and the California
18  legislature may pass legislation that will further reduce his sentence.

19        In reply, respondent counters that petitioner has provided no support for his
20  contention that he will be immediately released upon reaching his MEPD due to his immigration
21  hold.  Further, respondent argues that the restoration of the lost credit from other cases and
22  potential new legislation is too speculative.

23        A writ of habeas corpus is the appropriate federal remedy when "a state prisoner is
24  challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a

---

[1] Petitioner does contend his MEPD is 2018, not 2023.  However, his actual MEPD is not material to the discussion herein.

determination that he is entitled to an immediate or speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Challenges to prison disciplinary convictions in which the inmate has lost time credits which *directly impact* the duration of his sentence must be raised in a federal habeas corpus action unless the credits have been restored or the disciplinary conviction set aside.  See Edwards v. Balisok, 520 U.S. 641 (1997) (emphasis added).  The issue in this case, however, is whether a habeas corpus action is the appropriate vehicle to challenge a disciplinary conviction where there is no *direct* impact on the prisoner's release date.

        The Ninth Circuit Court of Appeals recently addressed the issue of prison disciplinary challenges in Nettles v. Grounds, 830 F.3d 922 (July 26, 2016) (overruling Bostic v. Carlson, 884 F.2d 1267 (9th Cir. 1989) and Docken v. Chase, 393 F.3d 1024 (9th Cir. 2004)).  In Nettles, the petitioner, a prisoner serving a life term, was challenging a prison disciplinary violation received after he reached his MEPD and was receiving parole suitability hearings. After reviewing Supreme Court decisions, the Ninth Circuit held "that if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983."  Id. at 931 (quoting Preiser, 411 U.S. at 487, Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)).  Applying that standard to a federal habeas petition challenging disciplinary proceedings in this situation, the Court found that success on the merits of such a claim "would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole."  Id. at 935-36 (explaining the factors the California parole board must consider).

        As set forth above, the prison disciplinary matter that petitioner is challenging occurred prior to the start of his indeterminate sentence.  While there is an argument to be had that challenging the loss of custody credit from a prison disciplinary during a determinate sentence may in fact lead to an immediate or speedier release, such is not the case here.  As respondent argues, even if petitioner receives the custody credits back that he is challenging in this action, his sentence would not be impacted as there are additional custody credit losses

which have not been restored. Petitioner may be challenging the loss of those additional custody credits, but the restoration of any of those other custody credit losses is too speculative to clearly render the restoration of the custody credits in this action to have an specific impact on petitioner's determinate sentence. Petitioner's argument to the contrary is unpersuasive.

Even if petitioner is successful, success on the merits of petitioner's challenge to the prison disciplinary at issue here, and the restoration of the lost credits, will not necessarily lead to a speedier release. Whether or not petitioner is granted parole is a decision for the Board of Parole Hearings, and based on several considerations, only one of which is his prison disciplinary record. Even if petitioner was to advance his MEPD, the determination that petitioner is suitable for parole would be in the discretion of the Board of Parole Hearings. Petitioner contends that he is subject to immediate release due to his immigration hold, and therefore is not subject to the discretion of the Board of Parole Hearings. However, he provides no authority for such contention. He fails to provide any support for the idea that he will be released immediately upon his MEPD due to the immigration hold, nor has the court found support for such a contention. Even if he has an immigration hold, and is subject to deportation upon parole, he is still subject to the parole hearings and the determination that he is suitable for parole before he will be given a release date. Accordingly, like the petitioner in Nettles, petitioner's claims raised in this action are not cognizable in habeas, and must be raised, if at all under 42 U.S.C. § 1983.

Finally, the Court in Nettles found that there are certain circumstances where the courts should consider whether to convert a habeas corpus petition into a civil rights claim. In order to convert a habeas petition into a § 1983 action, petitioner's informed consent to do so is required, and the pleading must be amenable to conversion "on its face," i.e., it must "name[ ] the correct defendants and seek the correct relief." Id. at 936. Here, the respondent named in the petition is the Warden of Mule Creek State Prison. While the underlying incidents occurred at Mule Creek State Prison, it is unlikely that the Warden was involved in the disciplinary

proceedings, and is unlikely to be the correct defendant in a § 1983 action. Thus, it does not appear that the petition filed in this case is amenable to conversion. It also does not appear that petitioner would suffer any prejudice by dismissing this action without prejudice to refiling as a § 1983 action. The events at issue in this action occurred in March and April of 2014, and the hearing was held in 2014. As the statute of limitations has not run, the undersigned sees no harm in dismissing this action. See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (finding California law provides a two year statute of limitations, plus an additional two years tolling of the statue of limitations based on the disability of imprisonment, citing Cal. Civ. Proc. Code §§ 335.1, 352.1). Further, petitioner was previously informed that a § 1983 action would be the appropriate method to challenge the underlying issues, and has specifically indicated he does not desire to bring such an action.

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 20) be granted, the petition be dismissed without prejudice, and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 30, 2016

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE